UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FELIPE PEREZ,

          Plaintiff,

          v.

JOHN DOES 1, 2, AND 3; SUSAN VAN
GELDON; C.O. J. BILLIET; SERGEANT J.
CROWE; and RN II LIPODAGROSSI-
TORBITT,

          Defendants.
_____

**DECISION AND ORDER**

6:15-CV-06474 EAW

Plaintiff, Filipe Perez ("Plaintiff"), appearing *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging assault, refusal to provide medical care, filing of a false and retaliatory inmate behavior report, and conspiracy to cover up his injuries. (Dkt. 1). On September 22, 2016, the Court denied without prejudice Defendants Billiet, Van Geldon, and Crowe's motion to dismiss, and allowed Plaintiff 30 days to file an amended complaint. (Dkt. 21). Defendant LiPodagrossi-Torbitt filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 30, 2016. (Dkt. 25). Pursuant to the Court's Scheduling Order, Plaintiff was required to respond by October 28, 2016. (*See* Dkt. 26). Plaintiff has not filed an amended complaint, or a response to Defendant LiPodagrossi-Torbitt's motion, but has filed a motion to appoint counsel—his third such motion in this case—dated October 8, 2016. (*See* Dkt. 27). For the reasons stated below, Plaintiff's motion to appoint counsel is denied. Plaintiff's time to file an amended complaint, and

his time to respond to Defendant LiPodagrossi-Torbitt's motion to dismiss are extended until **December 9, 2016**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *see, e.g.*, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court must evaluate "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim.") (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986)). Additionally, for prison inmates, the court must also give weight to the plaintiff's lack of practical access to attorneys. *Id.* at 173-74.

Plaintiff was in prison at the time he filed the complaint, and remains in custody. (*See* Dkt. 2). Plaintiff has already been granted *in forma pauperis* status in this case. (Dkt. 3). In his *in forma pauperis* motion, Plaintiff stated that he was currently incarcerated, had not worked in the past 12 months, and did not have any cash or other assets. (Dkt. 2 at 1-2). A prison official certified that Plaintiff's average account balance for the previous six months was $23.23. (*Id.* at 2). Plaintiff has conclusively shown that he is indigent, and has met the threshold test for appointing counsel.

However, the *Cooper* factors all weigh against appointing counsel at this time, as they did during Plaintiff's previous motions. Plaintiff's motion papers provide no information suggesting that he attempted to obtain counsel in the two weeks between being denied appointed counsel and his filing of the instant motion. (*See* Dkt. 27). In Plaintiff's *Application for Appointment of Counsel*, he leaves blank spaces in which he was to provide the Court with information as to: whether he attempted to find an attorney but was unable to; whether he discussed his case with an attorney; and any reasons why the Court should grant his request. (*Id.* at 1). As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. In the absence of an affirmative statement by Plaintiff otherwise, the Court assumes that he has not sought an attorney to represent him already. This weighs against the appointment of counsel.

The Court also finds that the Plaintiff has failed to show anything more than a remote possibility of success on the merits. Neither Plaintiff nor the State Attorney General's Office has been able to identify the perpetrators of the alleged beating. (*See* Dkt. 1; Dkt. 4). Plaintiff faces significant substantive hurdles before seeing any recovery, including the requirement that he produce actual evidence of the alleged beating. Plaintiff's ultimate success on the merits is far from certain. This weighs heavily against the appointment of counsel.

Balancing the factors set forth in *Cooper*, the Court finds that appointing counsel is inappropriate at this time, and Plaintiff's motion is denied without prejudice.

Plaintiff's filing of the instant motion to appoint counsel does not alleviate the requirements that he: file an amended complaint, pursuant to this Court's September 22, 2016, Decision and Order; and, respond to Defendant LiPodagrossi-Torbitt's motion to dismiss in a timely manner, pursuant to the Court's September 30, 2016, Scheduling Order.

The Court is aware that Plaintiff has attached two handwritten pages to his motion to appoint counsel, which state: "This is a motion to continue [] complaint." (Dkt. 27 at 3-4). Plaintiff's purported attempt to file these pages as an amended complaint must fail. The pages reiterate the claims Plaintiff made in his original complaint, and fail to address issues raised in this Court's September 22, 2016, Decision and Order. (*See id.*; Dkt. 21). Further, the filing is not in the form of a complaint. *See* Fed. R. Civ. P. 8(a) (requiring that a complaint must contain: (1) the grounds for the court's jurisdiction; (2) a "short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) a demand for relief).

Plaintiff will be afforded one final opportunity to file a proper amended complaint. Plaintiff must file an amended complaint, in the correct form, by **December 9, 2016**. **Failure to do so will result in dismissal of the claims against Defendants Billiet, Van Geldon, and Crowe**, as stated in the Court's September 22, 2016, Decision and Order.

The Court also hereby extends Plaintiff's time to respond to Defendant LiPodagrossi-Torbitt's motion to dismiss until **December 9, 2016**. **If Plaintiff fails to respond to Defendant LiPodagrossi-Torbitt's motion, his claims may be dismissed**, as stated in the Court's September 30, 2016, Scheduling Order. If Plaintiff files a timely

response, Defendant LiPodagrossi-Torbitt's reply will be due **fourteen days** after Plaintiff's response is filed.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 16, 2016
       Rochester, New York